| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** JUDGE FRANK MONTALVO EP17CR0771 | | 5:15CR01417-001RB |
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Claudia Berenice Hernandez | New Mexico | |
| | NAME OF SENTENCING JUDGE | |
| | Robert C. Brack, United States District Judge | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 02/02/2017 | TO 02/01/2019 |

**OFFENSE**

Ct. 1: Conspiracy to Possess with Intent to Distribute 50 Kilograms and More of a Mixture and Substance Containing a Detectable Amount of Marijuana in violation of 21 U.S.C. § 846
Ct. 2: Possession With Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(b)(1)(D)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ___New Mexico___

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Western District of Texas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

___04-21-17___                                    ___[signature]___
Date                                              United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___Western___ DISTRICT OF ___Texas___

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

___4/27/17___                                    ___[signature]___
Effective Date                                   United States District Judge

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | |
| CLAUDIA BERENICE HERNANDEZ | Case Number: 5:15CR01417-004RB |
| | USM Number: 80875-051 |
| | Defendant's Attorney: Santiago David Hernandez (Retained) |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 and 2 of Indictment.
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ was found guilty on count(s)   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. 841(b)(1)(D) | 03/24/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) .
☐ Count(s)   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

02/01/2017
Date of Imposition of Judgment

/s/ Robert C. Brack
Signature of Judge

**Honorable Robert C. Brack**
**United States District Judge**
Name and Title of Judge

02/02/2017
Date

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 1A

Judgment - Page 2 of 7

DEFENDANT: **CLAUDIA BERENICE HERNANDEZ**
CASE NUMBER: **5:15CR01417-004RB**

## ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 03/23/2015 | 2 |

Case 5:15-cr-01417-RB Document 122 Filed 04/26/17 Page 4 of 10
Case 5:15-cr-01417-RB Document 122 Filed 02/02/17 Page 3 of 7

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page 3 of 7

DEFENDANT: CLAUDIA BERENICE HERNANDEZ
CASE NUMBER: 5:15CR01417-004RB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 12 months and 1 day.

A term of 12 months and 1 day imprisonment is imposed as to each of Counts 1 and 2; said terms shall run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at on .
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment - Page 4 of 7

DEFENDANT: CLAUDIA BERENICE HERNANDEZ
CASE NUMBER: 5:15CR01417-004RB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 2 years.
A term of 2 years Supervised Release is imposed to each of Counts 1 and 2; said terms shall run concurrently.

### MANDATORY CONDITIONS OF SUPERVISION

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must cooperate in the collection of DNA as directed by statute. *(Check, if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence prevention. *(Check, if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

### STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 5 – Special Conditions

Judgment - Page 6 of 7

DEFENDANT: CLAUDIA BERENICE HERNANDEZ
CASE NUMBER: 5:15CR01417-004RB

## SPECIAL CONDITIONS OF SUPERVISION

You must not use or possess alcohol.

You must not communicate, or otherwise interact, with codefendant(s)/coconspirator(s).

You must submit to a search of your person, property, residence, vehicle, papers, computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media, or office under your control. The probation officer may conduct a search under this condition only when reasonable suspicion exists, in a reasonable manner and at a reasonable time, for the purpose of detecting any illegal contraband . You must inform any residents or occupants that the premises may be subject to a search.

You must not unlawfully possess a controlled substance.

You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

NOTE: The Probation Office is encouraged to consider authorizing the defendant to travel to Mexico to see her family.

U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date  2/3/17

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 6 – Criminal Monetary Penalties

Judgment - Page 7 of 7

DEFENDANT: CLAUDIA BERENICE HERNANDEZ
CASE NUMBER: 5:15CR01417-004RB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

Totals:
| Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|
| $200.00 | $ | $ | $ |

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties; and (9) costs, including cost of prosecution and court costs.

Having assessed the defendant's ability to pay, payment of the total fine and other criminal monetary penalties is due as follows: The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or

B ☐ $ due immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.

A Special Penalty Assessment of $100.00 is imposed as to each of Counts 1 and 2, for a total of $200.00, which is due, in full, immediately.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the United States Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

15 APR 22 PM 6:10

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
          Plaintiff, )  CRIMINAL NO. 15CR1417RB
          vs. )  Count 1: 21 U.S.C. § 846; and
)
EMMANUEL LOPEZ-TELLEZ, )  Count 2: 21 U.S.C. §§ 841(a)(1) and
JESUS NOE LOPEZ-TELLEZ, )  (b)(1)(D): Possession With Intent to
CHRISTIAN HUGO CONTRERAS, )  Distribute Marijuana; 18 U.S.C. § 2:
CLAUDIA BERENICE HERNANDEZ, )  Aiding and Abetting.
and OMAR ORTIZ, )
          Defendants. )

## INDICTMENT

The Grand Jury charges:

### Count 1

From on or about March 1, 2015, to on or about March 24, 2015, in Chaves County and elsewhere, in the District of New Mexico, the defendants, **EMMANUEL LOPEZ-TELLEZ, JESUS NOE LOPEZ-TELLEZ, CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ, and OMAR ORTIZ**, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense against the United States, specifically, possession with intent to distribute a mixture and substance containing a detectable amount of marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

In violation of 21 U.S.C. § 846.

### Count 2

On or about March 23, 2015, in Eddy County, in the District of New Mexico, the defendants, **JESUS NOE LOPEZ-TELLEZ, CHRISTIAN HUGO CONTRERAS,**

**CLAUDIA BERENICE HERNANDEZ,** and **OMAR ORTIZ,** unlawfully, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

04/22/15  5:43PM